*517 SULLIVAN, Justice,
dissenting.
The Court here declares unenforceable a covenant in a contract bargained for at arm's length by two sophisticated parties. I respectfully dissent.
It is on grounds of public policy violation that the Court sets aside this contract: the covenant, the Court says, is "anticompeti-tive." But the trial court made no findings as to the degree of competition among grocery stores in the Lafayette market and the Court cites no evidence of any.
It is true that the reported cases challenging the enforceability of shopping center lease covenants like this one-cases the Court must distinguish because they all uphold the covenants-involve situations where the beneficiary of the restrictive covenant continues to be in the business that is the subject of the covenant. The Court says it makes a difference that the beneficiary of the covenant here is in a different business. That does not justify setting aside a freely-bargained-for contractual provision unless competition is materially and adversely affected by the covenant-that the citizens of Lafayette must pay more for their groceries or travel unreasonable distances to buy them or the like. There is, to repeat, no evidence of any of that here. In setting aside the covenant on this record, the Court favors one business (the landlord) by depriving the other (the lessee) of the benefit of its bargain without any evidence of any compensating benefit to the public.
Judge Posner has called challenges to the enforceability of shopping center restrictive covenants on antitrust grounds "implausiblie] ... given the competition among malls" Walgreen Co. v. Sara Creek Property Co., 966 F.2d 273, 274 (7th Cir.1992) (Posner, J.). And two scholars have observed that:
A noncompetition clause in a lease of property ordinarily poses no threat to the competitive process, since the arrangement restrains one person in a relevant market that normally is replete with competitors engaged in vigorous competition with one another. Absent the effect of creating or tendency to create a monopoly in the relevant geographic market, such ancillary restraint should be upheld.
Milton Handler and Daniel E. Lazaroff, Restraint of Trade and the Restatement (Second) of Contracts, 57 N.Y.U. L.Rev. 669, 679 (1982).
The Court says that Judge Posner's comment and the Handler and Lazaroff analysis are irrelevant because they address the applicability of antitrust statutes, not common law, to such covenants. But it was not the provisions of any statute that caused Judge Posner to call antitrust challenges to the enforceability of these covenants "implausible"; it was simply because these covenants don't adversely affect competition "given the competition among malls." Walgreen Co., 966 F.2d at 274. The Court's discussion of antitrust statutes reminds us that the legislative branch has undertaken to regulate competition where it has found it to be appropriate. That the legislative branch has not chosen to do so in these circumstances is another reason why I believe the court should not undo this contract.
I also dissent from the Court's willing ness to go beyond declaring this particular covenant unenforceable and mandate that all such covenants are and will be unenforceable whenever they are "severed from the occupancy." This rewrites existing commercial leases and restrains the ability of parties in the future to enter them on terms they view to be mutually beneficial, regardless of whether there is any demonstrable adverse effect on competition.
*518 I would affirm the decision of the Court of Appeals.
SHEPARD, C.J., joins.